**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 25 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HUMBERTO RUBIO-PELAYO, Petitioner, v. PAMELA BONDI, Attorney General, Respondent. | No. 23-858 Agency No. A206-081-886 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 3, 2025
Phoenix, Arizona

Before: W. FLETCHER, WALLACH,** and R. NELSON, Circuit Judges.

An immigration judge denied Humberto Rubio-Pelayo's request to cancel his

removal after finding that his spouse would not suffer exceptional and extremely

unusual hardship if he were removed. *See* 8 U.S.C. § 1229b(b)(1)(D). The Board

of Immigration Appeals affirmed. Rubio-Pelayo petitions for our review of that

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The Honorable Evan J. Wallach, United States Circuit Judge for the
Federal Circuit, sitting by designation.

decision. We dismiss in part and deny in part the petition.

1.    We lack jurisdiction to review the agency's factual findings. *Id.* §§ 1252(a)(2)(B)(i), (D). Rubio-Pelayo contends that the agency erred in finding that his spouse could manage her medical conditions and finances without him. He argues the agency ignored evidence undermining those findings, misrepresented testimony, and otherwise made factual findings that were "not plausible" or "unsupported." Though Rubio-Pelayo labels these legal disputes, they are factual challenges to the agency's factual findings. *See Wilkinson v. Garland*, 601 U.S. 209, 225 (2024); *see also Bufkin v. Collins*, 145 S. Ct. 728, 738–39 (2025). We lack jurisdiction to consider them and dismiss that portion of the petition for review.

2.    Rubio-Pelayo has forfeited any remaining claim addressed in his petition for review. He notes that due process requires an unbiased immigration judge, but he never explains how the judge in his case failed to act neutrally. And while Rubio-Pelayo argues that the agency failed to properly weigh the evidence when making factual findings, he did not tie that argument to a due-process claim until his reply brief. Even then, the reply brief did not develop an argument for how the agency's alleged factual errors violated due process. *See Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022).

**PETITION DISMISSED IN PART AND DENIED IN PART.**[1]

---

[1] The motion to stay removal, Dkt. 2, is denied. The temporary stay is lifted.